IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| COLLEEN MICHELE HAMILTON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII,<br><br>Defendant. | CIVIL NO. 16-00371 DKW-KJM<br><br>**ORDER DISMISSING CASE AND DENYING (1) MOTION FOR APPOINTMENT OF COUNSEL, (2) MOTION TO PROCEED WITHOUT PAYMENT OF FEES, (3) MOTION TO EXPEDITE APPEAL, AND (4) REQUEST FOR CERTIFICATE OF APPEALABILITY** |

**ORDER DISMISSING CASE AND DENYING (1) MOTION FOR APPOINTMENT OF COUNSEL, (2) MOTION TO PROCEED WITHOUT PAYMENT OF FEES, (3) MOTION TO EXPEDITE APPEAL, AND (4) REQUEST FOR CERTIFICATE OF APPEALABILITY**

**INTRODUCTION**

On July 1, 2016, Plaintiff Colleen Michele Hamilton, proceeding pro se, filed this civil action against the State of Hawaii alleging that her federal rights were violated in Hawaii state court proceedings. The complaint was not accompanied by a filing fee or an application to proceed in forma pauperis ("IFP"). On July 5, 2016, the Court ordered Hamilton to either pay the statutory filing fee or submit a completed IFP application, and cautioned her that the failure to comply with the

```
```

Court's order would result in the automatic dismissal of this action. Hamilton did not comply. Instead, she filed (1) a series of procedural motions that have each been denied, and (2) a premature notice of appeal. Accordingly, this action is dismissed for failure to comply with the Court's prior order.

Moreover, because she is not entitled to the relief she seeks, the Court denies Hamilton's motion seeking the appointment of counsel and a certificate of appealability, to expedite her appeal, and to proceed without prepayment of fees on appeal. Dkt. No. 14.[1]

## DISCUSSION

### I. The Case Is Dismissed

The Court first addresses Hamilton's failure to comply with the Court's July 5, 2016 Deficiency Order. See Dkt. No. 3. The Court specifically advised Hamilton that this case would be automatically dismissed if she failed to either pay the required filing fee or submit a completed IFP application within 30 days. See Dkt. No. 3. The Court explained the statutory filing requirements as follows:

> Parties instituting a civil action, suit or proceeding in a United States District Court, other than a writ of habeas corpus, must pay a filing fee of $350.00 and an administrative fee of $50.00.

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. The Court continues to liberally construe Hamilton's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

> *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule, ¶ 14 (effective December 1, 2013).   This administrative fee does not apply to applications for writ of habeas corpus or to persons who are granted in forma pauperis status under 28 U.S.C. § 1915.   An action may only proceed without concurrent payment of the filing fee if the party is granted leave to proceed in forma pauperis ("IFP").   28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Dkt. No. 3.

The Court cautioned Hamilton that the failure to submit the required fee or a completed IFP application "will result in AUTOMATIC DISMISSAL of this action for failure to prosecute or otherwise follow a court order.   *See* Fed. R. Civ. P. 41(b); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)(stating that the district court may dismiss a complaint for failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees)."   *Id.*   The Deficiency Order clearly repeated these instructions to Hamilton:

> Plaintiff is GRANTED thirty days to either pay the $400.00 filing fee or submit a completed and executed application to proceed in forma pauperis on the forms provided by the court with this Order.   The application must bear the docket number assigned to this case. Failure to timely file an in forma pauperis application or the statutory filing fee within thirty days of the date of this Order will result in AUTOMATIC DISMISSAL of this action.

Dkt. No. 3.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances in light of (1) Hamilton's failure to either pay the statutory filing fee or submit an IFP application, and (2) her election to file a notice of appeal. The Court attempted to avoid outright dismissal of this action by instructing Hamilton of the deficiencies in her filing. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate

here, given Hamilton's voluntary failure to comply with the Court's clear order, and election to take her case elsewhere. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

Accordingly, this action is dismissed for failure to comply with the Court's prior order.

## II.     Hamilton's Motion for Miscellaneous Relief Is Denied Without Prejudice

On August 10, 2016, Hamilton filed a motion seeking the following relief: the appointment of counsel, a certificate of appealability ("COA"), to expedite her appeal, and to proceed without prepayment of fees on appeal. The Court addresses each of these requests below.

### A.     Motion for Appointment of Counsel

Hamilton states that she "needs an attorney to assist with the criminal appeal and with the civil appeal she is serving as she may have filed in the wrong court in Hawaii and needed a direct appeal." Motion at 2. With respect to the present matter, Hamilton's request is denied as moot insofar as the Court has dismissed her complaint. Hamilton may renew her request to the Ninth Circuit to the extent she seeks the appointment of counsel on appeal.

### B. Certificate of Appealability

Hamilton requests a certificate of appealability pursuant to Ninth Circuit Rule 22-1. Hamilton has already filed a notice of appeal that will become effective upon the entry of judgment in the instant matter – she does not need, nor is she entitled to, a COA pursuant to Federal Rule of Appellate Procedure 22 or Ninth Circuit Rule 22-1 because the instant case does not seek a writ of habeas corpus. *See* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). Accordingly, the request for a COA is denied.

### C. Motion to Expedite Appeal

This district court is without the authority to grant Hamilton's request to expedite her appeal, and accordingly, the motion is denied. *See Porras v. Curry*, 2011 WL 441230, at *1 (N.D. Cal. Feb. 2, 2011) (Explaining that a district court cannot "expedite the Ninth Circuit's rulings."). Hamilton's motion to expedite appeal should instead be filed with the Ninth Circuit Court of Appeals.

### D. Motion to Proceed Without Payment of Fees

Hamilton asserts that her "motion to proceed without payment of fees is prepared through form 4 attached to the 9th circuit court documents as proof of the plaintiff's poverty level at this time." Motion at 2. Although Hamilton references the correct Ninth Circuit form and has filed her motion with the district court as required by Federal Rule of Appellate Procedure 24(a), she does not include with her motion an actual completed copy of Form 4 (or the information required by the form) or attest to the truth of her submission.

The Court provides the following guidance to Hamilton so that she may resubmit her motion to proceed without payment of fees if she so chooses. To proceed in forma pauperis on appeal, Hamilton must comply with Federal Rule of Appellate Procedure 24(a)(1), which provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

7

Fed. R. App. P. 24(a)(1).

Hamilton's current motion does not satisfy the requirements of the rule because she has neither utilized Form 4, nor provided the detail prescribed by the form to demonstrate her inability to give security for fees and costs. Although her motion references Form 4, it is not included in her filing. The Court is therefore unable to adequately assess her ability to pay the requisite fees. Moreover, Hamilton neither claims an entitlement to redress nor states the issues she intends to present on appeal.

Accordingly, in light of Hamilton's failure to meet the requirements of Fed. R. App. P. 24(a)(1), the Court DENIES WITHOUT PREJUDICE the motion to proceed without prepayment of fees.

The Court hereby notifies Hamilton that an electronic version of Form 4 is available on the Ninth Circuit's website: http://www.ca9.uscourts.gov/forms. The Clerk of Court is directed to send Hamilton an appropriate copy of the Appellate Form 4 Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis.

## **CONCLUSION**

On the basis of the foregoing, the Court DISMISSES this action and directs the Clerk of Court to close this case. Hamilton's motion seeking miscellaneous

forms of relief is DENIED.  Dkt. No. 14.

The Court directs the Clerk of Court to send to Hamilton an appropriate copy of the Appellate Form 4 Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis.

IT IS SO ORDERED.

Dated: August 15, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Hamilton v. State of Hawaii*; Civil No. 16-00371 DKW KJM; ORDER DISMISSING CASE AND DENYING (1) MOTION FOR APPOINTMENT OF COUNSEL, (2) MOTION TO PROCEED WITHOUT PAYMENT OF FEES, (3) MOTION TO EXPEDITE APPEAL, AND (4) REQUEST FOR CERTIFICATE OF APPEALABILITY